STATE *vs.* EVAN B. ROSENKRANS.

NOVEMBER 25, 1907.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Dentistry. Criminal Complaint. Indictments.*

Gen. Laws cap. 155, § 6, as amended by Pub. Laws cap. 1457, § 1, relative

to the practice of dentistry, provides that any person violating any provisions of said chapter shall be deemed guilty of a misdemeanor and shall be liable to indictment, and upon conviction shall be fined not less than fifty nor more than one hundred dollars:—

*Held*, that this was a special provision within the exception of Gen. Laws cap. 288, §§ 1 and 4, the fine to be recoverable by indictment and not by complaint.

CRIMINAL COMPLAINT charging violation of Gen. Laws cap. 155. Heard on exceptions of defendant, after denial of motion to quash, and exceptions sustained.

DUBOIS, J. This is a complaint charging "that Evan B. Rosenkrans, of the city of Providence, in the county of Providence, on the 1st day of January in the year of our Lord one thousand nine hundred and six, and thence continuously until the day of the making of this complaint, with force and arms, at Providence, in the aforesaid county of Providence, unlawfully did practice and attempt to practice dentistry in this State without first having then and there received a certificate from the Board of Registration in Dentistry in this State; that he, the said Evan B. Rosenkrans, has not passed a satisfactory examination with reference to his knowledge and skill in dentistry before said board, and without having then and there first complied with the provisions of chapter 155 of the General Laws of this State and the several amendments thereto against the statute and the peace and dignity of the State," upon which a warrant was on March 12, 1907, issued out of the District Court of the Sixth Judicial District. Upon arraignment in said court the defendant pleaded not guilty, and upon trial was adjudged guilty and sentenced to pay a fine of $50 and costs of prosecution. From this sentence the defendant appealed to the Superior Court, where he seasonably filed his motion to quash the complaint, upon the ground, among others, that the Superior Court had no jurisdiction to try the cause or proceed in the matter, as there had been no indictment of the defendant by the grand jury, as provided in the dentistry act. The motion to quash was heard and denied by the Superior Court, and to this denial the defendant duly

excepted, and the case is now before this court upon this exception.

The complaint is based upon a violation of Gen. Laws cap. 155, § 6, as amended by Pub. Laws (1907) cap. 1457, § 1, as follows:

"SEC. 6. Any person who shall practice or attempt to practice dentistry in this state without being registered with said board and obtaining a certificate as required by this chapter, or who shall violate any of the provisions of this chapter, and any person or corporation owning or carrying on a dental business and in said business employing or permitting any person to practice dentistry in this state without being registered and obtaining a certificate as aforesaid, shall be deemed guilty of a misdemeanor and shall be liable to indictment therefor, and upon conviction shall be fined not less than fifty dollars nor more than one hundred dollars for each and every offence; and the opening or maintaining of a dentist's office, the displaying of a dentist's sign or doorplate, or the advertising of a readiness to practice dentistry in this state in the public prints, or by cards, circulars, posters, or in any other manner, by any such person shall be evidence of such violation."

(1) A violation of the section is therein made a misdemeanor punishable by a fine to be recovered by means of an indictment which is a special provision clearly within the exceptions contained in Gen. Laws cap. 288, §§ 1 and 4, which, as amended by C. & P. A. §§ 1216 and 1231, read as follows:

"SECTION 1. Unless otherwise specially provided, all fines of *five hundred* dollars and under shall be recovered by complaint and warrant; all fines of upwards of *five hundred* dollars, by indictment; all penalties and pecuniary forfeitures, by action of debt; and all forfeitures of personal property, by complaint and warrant or by information."

"SEC. 4. All fines, penalties, and forfeitures, whether of money or property, of *five hundred* dollars and under or of the value of *five hundred* dollars and under, shall be prosecuted before a district court; if upwards of *five hundred* dollars in

amount or value, before the *superior* court, unless otherwise specially provided."

The motion to quash, therefore, should have been granted.

The exception is sustained, and case is remitted to the Superior Court with direction to quash the complaint.

*James C. Collins, Jr., Assistant Attorney-General,* for State.
*George S. Engle,* for defendant.